IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALBERT EDMOND,                                              PETITIONER

V.                                                          NO. 4:07CV6-M-B

LAWRENCE KELLY, et al.,                                     RESPONDENTS

## OPINION

This cause comes before the court on the petition of Albert Edmond for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is not challenging his conviction or the length and duration of his sentence. Rather, Petitioner is attempting to challenge a Rule Violation Report ("RVR") he received while incarcerated, which resulted in his reclassification. Petitioner contends that the punishment for the RVR was "lock down" which, he contends without specificity, is cruel and unusual punishment. Petitioner alleges that his appeals regarding the RVR have been denied by the Mississippi Court of Appeals and the Mississippi Supreme Court.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)).

It is clear that whether claims are habeas corpus or civil rights in nature a Petitioner must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the

event there is no constitutional right, the Petitioner's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Petitioner's insistence, the constitution has not been implicated by the facts of this case. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). It is clear that inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); Miss. Code Ann. §§ 47-5-99 to 103 (1993). The acts complained of by Petitioner simply do not rise to the level of a constitutional violation. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Therefore, Petitioner's complaint must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 23rd day of February, 2007.

                                      **/s/ Michael P. Mills**
                                      **UNITED STATES DISTRICT JUDGE**